Judge Buckner,
delivered the opinion of the court.
This was an action of trespass quarc clavmm fregt’i, inslituledby the plaintiff against the defendant in error, for illegally and forcibly entering her enclosure, and attempting forcibly to enter her dwelling house, in the county of Jlarrison.
The defendant plead, that he had been duly and legally appointed by the county court of Harrison, administrator of the goods and chattels, rights and credits, óf a certain James Finley, deceased, (late husband of the plaintiff,) and that at the same time, Joseph Vande-ron, Idiomas 15. Woodyard and Thomas Smith, were appointed by said court to appraise the personal estate of said decedent, and that he in company with said appraisers, peaceably entered the plaintiff's enclosure, (she being then and there the widow of said decedent) for the purpose of appraising and making an invehtory of the personal estate of said decedent, which is the same tresspass, &c.
To this there was a demurrer, which the circuit court Overruled and entered judgment, for the defendant, to reverse which, the plaintiff prosecutes this writ of error, with supersedeas.
The plea is obviously insufficient to bar the plaintiff’s action. Within a convenient time, after the death of the intestate, or the grant of administration, the administrator has a right to enter the house descended to the heir; in order to remove the goods, provided he do so, without violence. Lut he cannot force the door of entrance into the house; nor of any room in it, to take the goods; see Toller’s law of executors, t!o5, second American edition, sec. 3.
The plea in this case, does not aver, that the widow ivas in possession of the premises descended to the heir; and that the entry complained of, as a trespass was within an enclosure which was part of said premises, The enclosure and house mentioned in the plea, may have belonged to the widow.
Trespass guare clausum jregil by the widow against the administrator; plea of justification by administrator, “that he entered to remove the goods of the intestate,” •must aver, that the goods and chattels of intestate were on the premises entered.
Johii Trimble, for plaintiff.
To make that plea good, it was indispensably neces» sary to aver, that goods and chattels of the decedent’s estate, were on the premises, into which he entered, &c. If no such goods were there, surely the entry was altogether unnecessary. When a sheriff justifies that he entered on land, under a fieri facias, for the purpose of levying it on the goods, in the possession of the defendant, in the execution, it is necessary to. a ver in the plea that they were on the premises, or in the house so entered, and that they were liable to be taken in executión by virtue of said writ.
The judgment of the circuit court must be reversed with costs, and the cause remanded, with directions to enter judgment on the demurrer for the plaintiffs and for such further proceedings to be had, as may not be inconsistent with this opinion.